# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

HERMINIO SOTOMAYOR,
    Plaintiff,

v.

RUIZ RICARDO, et al.,
    Defendants.

No. 3:17-cv-00845 (SRU)

# INITIAL REVIEW ORDER

In his *pro se* complaint under 42 U.S.C. § 1983, plaintiff Herminio Sotomayor—currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut—alleges deliberate indifference to his medical needs and failure to accommodate his disability. Sotomayor names as defendants Dr. Ricardo Ruiz, Dr. Kathleen Mourer, ADA Coordinator Garcia, and Colleen Gallagher. Sotomayor's complaint was received on May 22, 2017, and his motion to proceed *in forma pauperis* was granted on June 1, 2017.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, "[*p*]*ro se* complaints 'must be construed liberally and

interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**I.     Allegations**

    A.     Dr. Ruiz

In May 2015, Sotomayor was confined at the Cheshire Correctional Institution. He submitted a sick call request, claiming that he experienced pain in his ears when the cell door was slammed, when his cellmate spoke loudly, and when the television was played loudly. Dr. Ruiz examined Sotomayor and sent him to an audiologist at the University of Connecticut Health Center for tests. The audiologist diagnosed tinnitus in both ears and an injury in the right ear. She also diagnosed hearing loss of 50 percent in the right ear and of 55 percent in the left.

Upon Sotomayor's return, Dr. Ruiz refused to treat him for tinnitus and declined to refer him to the University of Connecticut Health Center to address the right ear injury. Sotomayor received one hearing aid at the University of Connecticut Health Center, but it was defective.

Sotomayor informed Dr. Ruiz that he had been slapped on the right ear during an altercation. He also stated that he had fallen in the shower and hit the back of his head. Sotomayor lost some hearing as a result of the fall. In preparing a request for treatment for the Utilization Review Committee, Dr. Ruiz only described the slap on Sotomayor's right ear.

On July 29, 2016, Sotomayor submitted a grievance because Dr. Ruiz did not treat his right knee. Subsequently, an X-ray showed arthritis or a slightly ripped ligament. Despite these results, Dr. Ruiz expected Sotomayor to walk upstairs and get into a top bunk. In an August 2016

Inmate Request Form, however, Sotomayor stated that he had a bottom bunk pass and was confined on the bottom tier. Doc. No. 1-1, at 24.

On an unspecified date, Sotomayor was sprayed with a chemical agent. The "pepper spray" split his middle bottom teeth and scarred his right cornea. The eye damage caused Sotomayor to be prescribed additional lenses. Dr. Ruiz refused to treat him for several months. Sotomayor alleges that he has problems keeping his eyes open and has been attacked by other inmates because they have noticed that he cannot see.

B. Dr. Mourer

Dr. Mourer signed a Utilization Review Committee appeal on March 21, 2016 denying Sotomayor a left hearing aid. Dr. Mourer noted that the level of noise in a correctional facility is not a medical issue. Sotomayor states that Dr. Mourer discriminated against him, because the doctor should know that hearing aids act as earplugs to reduce background noise.

C. ADA Coordinator Garcia

On June 16, 2016, Sotomayor wrote to defendant Garcia seeking single cell status. He stated that inmates were abusing him with loud noises and would sneak up on him to test his hearing. Defendant Garcia denied the request. Sotomayor also submitted a request for transfer to a facility with a unit for disabled inmates. Defendant Garcia did not respond.

Sotomayor sought listening devices to enable him to hear the television. Defendant Garcia activated closed captioning on the television. Sotomayor complains that the television is too loud for him to sit close enough to read the captions.

D. Colleen Gallagher

On June 26, 2016, defendant Gallagher responded to Sotomayor's appeal of his ADA grievance, noting that a single cell was not a necessary accommodation.

On December 26, 2016, Sotomayor was attacked by another inmate who sneaked up on him. Sotomayor alleges that defendant Gallagher was aware of that assault and also knew that other inmates were hurting Sotomayor's ears.

## II. Analysis

### A. Eighth Amendment Claims

Sotomayor asserts a claim for deliberate indifference to a serious medical need. To state a claim for deliberate indifference to a serious medical need, Sotomayor must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)). There are both objective and subjective components to the deliberate indifference standard. *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must "produce death, degeneration, or extreme pain." *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of their actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983. *See id.* Nor does "mere disagreement over the proper treatment"

4

constitute deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998); *see also Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010) (summary order).

Sotomayor suffers from tinnitus. In *Davidson v. Scully*, 155 F. Supp. 2d 77 (S.D.N.Y. 2001), the United States District Court for the Southern District of New York cited expert medical evidence that "tinnitus is 'not life-threatening [or] degenerative' and does not cause 'extreme pain.'" *Id.* at 84. Based on that evidence, the court concluded that tinnitus was not a "serious medical need" that warranted Eighth Amendment protection. *See id.*

Sotomayor also alleges that he suffers from a hearing impairment. The medical records he submits with his complaint show that he was diagnosed with bilateral hearing loss that ranged from within normal limits to "moderate" in the left ear, and from within normal limits to "moderately severe" in the right ear. The audiologist recommended testing for hearing aids. *See* Doc. No. 1-1, at 14. Sotomayor alleges that he was provided a hearing aid for his right ear.

Sotomayor has not cited—and I have not found—any case that holds partial hearing loss alone constitutes a "serious medical need" protected by the Eighth Amendment. *Cf. Davidson*, 155 F. Supp. 2d at 84. In *Wheeler v. Butler*, 209 F. App'x 14 (2d Cir. 2006) (summary order), the Second Circuit held that the plaintiff stated a potential claim for an Eighth Amendment violation when he alleged that prison officials confiscated his hearing aids. *See id.* at 15. The plaintiff in *Wheeler* alleged that he suffered from a "'*severe*' hearing impairment," however, one that was "classified as a 'physical handicap'" by the prison. *Id.* (emphasis added). He also asserted that "prison medical records documented that he was 'not fully functional' without the use of [his] hearing aids." *Id.* (other internal quotation marks omitted); *see also Gilmore v. Hodges*, 738 F.3d 266, 275 (11th Cir. 2013) (observing that three circuits, in unpublished opinions, have

5

"recognized that *severe* hearing loss may be a serious medical need for the purpose of the Eighth or Fourteenth Amendments" (emphasis added)). Sotomayor, by contrast, alleges at most that his hearing loss ranges from within normal limits to "moderately severe." *See* Doc. No. 1-1, at 14. He does not exhibit the level of hearing loss that might warrant Eighth Amendment protection.

Furthermore, even were Sotomayor's hearing loss "severe," he already has received treatment in the form of a hearing aid. *See Wheeler*, 209 F. App'x at 15. Sotomayor states that he wants a second hearing aid as recommended by the audiologist, and special accommodations such as a single cell. But those allegations demonstrate only "disagreement over the proper treatment," and do not state cognizable claims under section 1983. *See Chance*, 143 F.3d at 702.

Sotomayor also alleges that he has been provided inadequate treatment for his knee. He complained to the medical unit that he collapsed frequently and sought an x-ray, a bottom bunk pass, and something to compress his knee. *See* Doc. No. 1-1, at 18, 22. Sotomayor was confined in a bottom bunk on the bottom tier and did undergo an x-ray. Thus, his allegations, again, demonstrate only "disagreement over the proper treatment." *Chance*, 143 F.3d at 702. Those allegations do not present valid claims under section 1983. *See id.*

B. ADA Claims

Sotomayor alleges that defendants Mourer, Garcia and Gallagher have failed to accommodate his disabilitites. The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, establishes "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The statute provides that "no qualified person with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a

public entity, or be subjected to discrimination by such entity." *Id.* at § 12132. It aims "to eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied." *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(2)(A). In considering ADA claims, "courts have been careful to distinguish impairments which merely *affect* major life activities from those that *substantially limit* those activities." *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998) (citing *Roth v. Lutheran Gen. Hosp.*, 57 F.3d 1446, 1454 (7th Cir. 1995)).

Sotomayor alleges that he has some hearing loss, but he has not alleged facts suggesting that his hearing is "substantially limit[ed]" rather than "merely affect[ed]." *See id.* Furthermore, Sotomayor has not identified any service, program, or activity of the Department of Correction from which he was excluded due to his hearing loss. Thus, Sotomayor fails to set forth a plausible ADA claim.

## III. Conclusion

I dismiss Sotomayor's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk shall enter judgment for the defendants and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge